RYAN M. SALZMAN (SBN 299923)
Ryan.Salzman@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: 310-203-4000
Facsimile: 310-229-1285

Attorneys for Plaintiff
CONVERGEONE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONVERGEONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> YUNEEC USA, INC; FIREBIRD INTERNATIONAL, LLC; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-00939 <br><br> Complaint Filed: January 29, 2020 <br><br> **COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT** <br> **(2) DECLARATORY RELIEF** |

Plaintiff ConvergeOne, Inc. ("ConvergeOne" or "Plaintiff"), by and through its attorneys, Drinker Biddle & Reath LLP, hereby files this complaint for breach of contract and declaratory relief and, in support thereof, avers as follows:

## INTRODUCTION

1. This is an action for breach of contract and declaratory relief. As set forth below, Defendants Firebird International, LLC ("Firebird"), Yuneec USA, Inc. ("Yuneec") and DOES 1-10, inclusive, (collectively, "Defendants") have breached the agreement with ConvergeOne to offset payment of rent by ConvergeOne, and/or tender payment to ConvergeOne, related to ConvergeOne's expenses incurred as a result of remediation at the leased property located at 5555 Ontario Mills Parkway, Ontario, California 91764.

## PARTIES

2. Plaintiff ConvergeOne, Inc. is a Minnesota corporation organized and existing under and by virtue of the laws of the state of Minnesota with its principal offices located at 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437. ConvergeOne is a citizen of Minnesota.

3. Defendant Yuneec USA, Inc. is a Delaware corporation organized and existing under and by virtue of the laws of the state of Delaware, with its principal offices located at 2275 Sampson Avenue, Suite 200, Corona, California 92879. Yuneec is a citizen of Delaware and California.

4. Defendant Firebird International, LLC is a California limited liability company organized and existing under and by virtue of the laws of the state of California, with its principal offices located at 2275 Sampson Avenue, Suite 200, Corona, California 92879. Firebird is a citizen of California.

5. ConvergeOne is unaware of the true names, identities, and capacities of the defendants sued herein as DOES 1 to 10. ConvergeOne will seek leave to amend this complaint to allege the true names and capacities of DOES 10 to 10 if and when ascertained. ConvergeOne is informed and believes, and thereon alleges, that each

defendant dues herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to ConvergeOne as set forth below.

6. ConvergeOne is informed and believes, and based upon such information and belief alleges, that, with respect to the various matters alleged herein and at the various times described herein, Defendants acted as an agent, alter-ego and/or joint venture of one another, and in doing the things alleged herein acted within the course and scope of such agency, employment, conspiracy, alter-ego and/or in furtherance of the joint venture. ConvergeOne is informed and believes, and based upon such information and belief further alleges, that each of the acts alleged herein was done with the permission and consent of each of the others.

7. ConvergeOne is informed and believes, and based upon such information and belief alleges, that each Defendant acted both individually and in alignment with the other Defendants with full knowledge of their respective wrongful conduct. As such, Defendants conspired together, building upon each other's wrongdoing, in order to accomplish the acts outlined in this Complaint.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 2201(a). The amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between ConvergeOne (a citizen of Minnesota), and the Defendants (citizens of Delaware and California).

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this district.

///

///

**GENERAL ALLEGATIONS**

10. ConvergeOne is informed and believes, and based upon such information and belief alleges that Defendant Firebird is the owner of the industrial real property and improvements located at 5555 Ontario Mills Parkway, Ontario, California 91764 (the "Property"). The improvements on the Property consist of a mixed-use warehouse and office building. ConvergeOne is informed and believes, and based upon such information and belief alleges that Defendant Firebird is an alter-ego, agent, parent and/or subsidiary of Defendant Yuneec, acting on Defendant Yuneec's behalf.

11. On or about September 17, 2018 Defendant Firebird executed a lease for the Property with ConvergeOne, in writing, for a term of five years commencing January 1, 2019 and ending December 31, 2023 at a base rent of $31,450 per month ("Lease"). A copy of the written Lease is attached hereto as Exhibit "A".

12. Pursuant to the agreement reached between ConvergeOne and Defendants at or around the time of execution of the Lease, ConvergeOne was permitted to assume possession of the Property on or around September 2018 without any requirement to pay rent until commencement of the Lease on January 1, 2019.

13. During the time period set forth in paragraph 12, above, ConvergeOne undertook remediation efforts at the Property with Defendants' consent and approval. ConvergeOne is informed and believes, and based upon such information and belief alleges that at or shortly after the time of execution of the Lease in September 2018, ConvergeOne notified Defendants of necessary remediation work at the Property, including that to remedy building code violations. ConvergeOne is informed and believes, and based upon such information and belief alleges that at or shortly after the time of execution of the Lease in September 2018 Defendants and/or Defendants' agent and/or Defendants' property manager agreed to an offset of payment of rent by ConvergeOne, and/or tender of payment to ConvergeOne, in exchange for ConvergeOne undertaking the remediation efforts and ConvergeOne's expenses

incurred as a result of remediation at the Property. The remediation expenses included a number of building code violations, as confirmed by an inspector from the City of Ontario, caused as a result of Defendants' failure to properly maintain the Property. These remediation expenses include: backflow repairs for the main domestic water service; leaking ball valves in water system; demolition of structurally damages walls; exterior light repairs for non-functioning lights causing significant security risk; repair and replacement of drywall as a result of mold growth; repair to non-functioning security gates; repair structural damage and add wall kickers for code incompliant walls; repair unpermitted electrical conduits; repair perimeter walls; repair non-functional exhaust fan in warehouse; repair warehouse foil insulation; remove foliage at northwest corner of Property causing security hazard; repair paint to exterior of building; repair irrigation and landscape areas due to non-functioning backflow preventer; repair non-functioning sewer; replace electrical room door with panic hardware required by inspector; replace exterior damaged doors; repair damaged roof access ladder; replace nonfunctioning HVAC units; ensure ADA compliance of Property; repair asphalt; repair broken fire sprinkler system and certify repair of the same; and repair broken glass on doors and windows.

14. The aforementioned remediation totaled no less than $396,794.82 in costs incurred by ConvergeOne. During the time period in which ConvergeOne undertook these remediation efforts, from September 2018 through April 2019, Defendants, by admission, failed to respond to ConvergeOne's inquiries regarding its remediation efforts and costs, including those related to ensuring code compliance at the Property.

15. Thereafter, ConvergeOne requested Defendants offset payment of rent by ConvergeOne, and/or tender payment to ConvergeOne, related to ConvergeOne's expenses incurred as a result of remediation set forth above pursuant to the agreement reached by the parties for such offset and/or payment.

16.     Despite the agreement between ConvergeOne and Defendants to offset payment of rent by ConvergeOne, and/or tender payment to ConvergeOne, related to ConvergeOne's expenses incurred as a result of remediation set forth above, Defendants have failed to offset ConvergeOne's rent payments at the Property and/or tender payment to ConvergeOne for no less than $396,794.82 in total remediation costs incurred by ConvergeOne.

17.     On or about July 16, 2019, Defendants, by and through Tyra Liu, the executive assistant to Defendants' principal, sent ConvergeOne a "Notice [sic] Nonpayment of Rent (Eviction Notice)" dated July 15, 2019 ("Notice"). This Notice, deficient in numerous respects, requested payment of $94,350 in rent within 15 days, or that ConvergeOne vacate its tenancy in said time period.

18.     On July 30, 2019, ConvergeOne tendered payment of the $94,350 demanded by Defendants under protest pursuant to Paragraph 43 of the Lease. Paragraph 43 of the Lease states:

> **Performance Under Protest.**   If at any time a dispute shall arise as to any amount or sum of money to be paid by one Party to the other under the provisions hereof, the Party against whom the obligation to pay the money is asserted shall have the right to make payment "under protest" and such payment shall not be regarded as a voluntary payment and there shall survive the right on the part of said Party to institute suit for recovery of such sum.   If it shall be adjudged that there was no legal obligation on the part of said Party to pay such sum or any part thereof, said Party shall be entitled to recover such sum or so much thereof as it was not legally required to pay.   A Party who does no initiate suit for the recovery of sums paid "under protest" within 6 months shall be deemed to have waived its right to protest such payment.

19.     Thereafter, on August 20, 2019, ConvergeOne again notified Defendants that any ensuing rent payments made thereafter were being tendered under protest pursuant to Paragraph 43 of the Lease until resolution of the issue

concerning ConvergeOne's payment due for the $396,794.82 in total remediation costs incurred.

20. As of the initiation of this action, ConvergeOne has tendered monthly rental payments under protest. Defendants have failed to offset ConvergeOne's rent payments at the Property and/or tender payment to ConvergeOne for the no less than $396,794.82 in total remediation costs incurred by ConvergeOne in violation of the agreement reached.

21. As a direct and proximate result of Defendants' failure to offset ConvergeOne's rent payments at the Property and/or tender payment to ConvergeOne, and deny ConvergeOne's right to recovery on said basis, ConvergeOne has been damaged in an amount of no less than $396,794.82 to be proven at trial.

## CLAIM FOR RELIEF

### First Cause of Action – Breach of Contract

### (Against Yuneec, Firebird and DOES 1-10, inclusive)

22. ConvergeOne realleges and incorporates each of the paragraphs above as if set forth fully herein.

23. ConvergeOne, on the one hand, and Defendants, on the other, entered into a valid and enforceable contract as set forth above for offset ConvergeOne's rent payments at the Property and/or tender payment to ConvergeOne for remediation costs incurred by ConvergeOne at the Property.

24. ConvergeOne has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the contract entered into with Defendants, except for those acts that have been prevented, delayed, or excused by acts or omissions of Defendants and/or their agents.

25. ConvergeOne is informed and believes, and based thereon alleges that Defendants breached their obligations under the terms of the contract, by, among other things, failing to offset payment of rent by ConvergeOne, and/or tender

payment to ConvergeOne, as well as respond in a timely manner to any inquiries on expenditures, as duly agreed to and as set forth above.

26. As a direct and proximate result of the breaches by Defendants there is due and owing to ConvergeOne from Defendants the sum of at least $396,794.82, with interest thereon at the legal rate according to proof, for remediation expenditures incurred by ConvergeOne at the Property.

## **Second Cause of Action – Declaratory Relief**

**(Against Yuneec, Firebird and DOES 1-10, inclusive)**

27. ConvergeOne realleges and incorporates each of the paragraphs above as if set forth fully herein.

28. ConvergeOne has expended no less than $396,794.82 in total remediation costs at the Property.

29. Defendants and each of them have agreed to an offset in payment of rent by ConvergeOne, and/or payment to ConvergeOne, as set forth above.

30. Defendants and each of them dispute ConvergeOne is entitled to an offset in payment of rent by ConvergeOne, and/or payment to ConvergeOne, as set forth above.

31. ConvergeOne has tendered rent payment pursuant to Paragraph 43 of the Lease under protest.

32. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment as contemplated by *Childs v. Eltinge*, 29 Cal.App.3d 843, 854 (1973).

33. This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that an actual controversy exists between ConvergeOne, on the one hand, and Defendants, on the other, related to recovery of rent payment made by ConvergeOne under protest as set forth above.

///

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, ConvergeOne respectfully requests that the Court enter judgment against Yuneec, Firebird and DOES 1-10, inclusive, as follows:

1. For damages in the sum of at least $396,794.82, with interest accrued and accruing;

2. For declaratory judgment determining ConvergeOne's right to recover reimbursement or credit of lease payments tendered under protest;

2. For attorneys' fees and costs as contemplated under the Lease, or as otherwise recoverable by law; and

3. For such other and further relief as the Court may deem just and proper.


Dated:   January 29, 2020            DRINKER BIDDLE & REATH LLP

                                     By: */s/ Ryan M. Salzman*
                                         Ryan M. Salzman

                                     Attorneys for Plaintiff
                                     CONVERGEONE, INC.